THE STATE OF FLORIDA v. SPECIAL ROAD AND BRIDGE DISTRICT NO. 3 OF PALM BEACH COUNTY, FLORIDA, and BOARD OF COUNTY COMMISSIONERS OF PALM BEACH COUNTY, FLORIDA, for and on behalf of SPECIAL ROAD AND BRIDGE DISTRICT NO. 3, OF PALM BEACH COUNTY, FLORIDA.

10 So. (2nd) 341                    En Banc
October 6, 1942

Joseph S. White, for appellant.

Henry F. Lilienthal, for appellees.

TERRELL, J.:

This appeal is from a decree validating an issue of refunding bonds on behalf of Special Road and Bridge District Number 3 of Palm Beach County, the original bonds having been dated June 1, 1925, and some of them being past due on date of the refunding· issue.

It is contended that so much of the validating decree as includes $5160.00 interest on principal of the original bonds accruing after their maturity is violative of Section 6 of Article IX of the Constitution and Sections 132.08 and 132.14, Florida Statutes of 1941.

The bonds refunded amounted to $358,160.00 and bore interest at six per cent while the refunding bonds bore interest at four and one-half per cent. Section 6 of Article IX of the Constitution has no direct specification as to interest on bonds after maturity. Its purpose was to require an approving vote of the taxpayers on all bond issues except refunding bonds. The matter of interest was left to the legislature.

It is quite true that Section 132.14 previously referred to requires that the principal and accrued interest on refunding bonds shall not exceed the amount of the obligation refunded. Section 132.08 also provides that refunding bonds may be exchanged for an equal amount of principal and accrued interest of the original bonds. Both statutes recognize accrued interest and approve its payment. It makes no distinction between interest which accrues before and after maturity of the bonds but both are an obligation of the county or special road and bridge district which they are at least morally bound to take care of.

There are always practical considerations involved in refunding proceedings and where shown to have been worked out in the interest of the taxing unit and the bond holder and all parties acted in good faith, we will not hold them bad unless there is shown to be a clear violation of some provision of the statute or the Constitution which we do not find clearly apparent in this case.

The case of Meredith, et al., v. Charlotte County, et al., decided June 15, 1942, and relied on by appellee has no application to this case. It has to do with the duty of the Board of Administration as to interest after maturity while the case at bar has to do with the duty of counties on the same question. We have pointed out in Holland, et al., v. Goss decided this date that the obligation in each case is very different.

Affirmed.

BROWN, C. J., WHITFIELD, BUFORD, CHAPMAN, THOMAS and ADAMS, JJ., concur.